_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

AUG 16 2019

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DEPUTY

The Honorable Michelle Peterson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. MJ19-382 |
| Plaintiff, | COMPLAINT for VIOLATION: |
| v. | 18 U.S.C. § 2252(a)(4)(B), (b)(2) |
| ALEKSANDR PAVLOVSKIY, | |
| Defendant. | |

BEFORE, The Honorable Michelle Peterson, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

## COUNT 1

### (Possession of Child Pornography)

Beginning on a date unknown but continuing until not later than on or about July 10, 2019, at Auburn, within the Western District of Washington, and elsewhere, the defendant, ALEKSANDR PAVLOVSKIY, did knowingly possess matter that contained visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct and the visual depictions were of such conduct, that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which had been produced using materials that

had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the depictions of child pornography involved include images of a prepubescent minor and a minor who had not attained 12 years of age.

All in violation of Title 18, United State Code, Section 2252(a)(4)(B), (b)(2).

I, Ariana Kroshinsky, being first duly sworn on oath, depose and say:

## INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been since January 2018. I am currently assigned to an organized crime squad in the Seattle Field Office. My training and experience includes investigations of federal criminal violations, including organized crime and internet-based crimes. I have attended the FBI Special Agent Training Course, and I have participated in several internet crime investigations. I have also participated in the execution of search warrants involving investigations of child exploitation and/or child pornography offenses.

2. As further detailed below and based on my investigation and the investigation of other law enforcement officers, I believe there is probable cause to conclude that ALEKSANDR PAVLOVSKIY has committed the offense charged in Count 1 of this Complaint—namely, Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

3. The facts set forth in this Complaint are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

4. Because this Complaint is offered for the limited purpose of establishing probable cause, I list only those facts that I believe are necessary to support such a

finding. I do not purport to list every fact known to me or others as a result of this investigation.

## SUMMARY OF INVESTIGATION

5. On July 10, 2019, FBI agents executed search warrants at the home of ALEKSANDR PAVLOVSKIY, located at 30323 110th Place SE, Auburn, Washington, 98092, and the office of Aleksandr Pavlovskiy, located at 22710 72nd Avenue South, Suite 109, Kent, Washington 98032, to search for evidence of the federal crimes of interstate transportation in stolen goods, sale of stolen goods in interstate commerce, conspiracy to commit these offenses, and money laundering. The search warrants, which were issued in case number MJ19-311, specifically authorized the seizure of electronic devices from Pavlovskiy's residence, and the offices and businesses that were the subject of the warrants.

### A. Images found on Aleksandr Pavlovskiy's Phone

6. During the search of Pavlovskiy's residence, federal agents knocked on the door and announced their presence. Pavlovskiy came to the door holding the subject phone, which agents observed in his hands. Pavlovskiy stepped onto the front porch of his house and Agents directed that Pavlovskiy put down the phone and put his hands where they could see them. Pavlovskiy put down the subject phone as instructed. Agents seized the phone from the house pursuant to the search warrant.

7. Several minutes later, while officers were still on site and searching the residence, Pavlovskiy approached FBI Special Agent Gregory Leiman and asked when his phone would be returned. Pavlovskiy suggested that he needed his phone so he could contact an attorney. SA Leiman responded that the phone would be returned after it was imaged, possibly later that same day. SA Leiman offered to get Pavlovskiy's phone so Pavlovskiy could retrieve any phone numbers he needed from it. SA Leiman told Pavlovskiy that if Pavlovskiy provided the password, this could expedite the recovery of phone numbers Pavlovskiy had requested and the return of the phone. Pavlovskiy provided the password, allowing SA Leiman to open the phone's contents and help

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Pavlovskiy access the phone number(s) he was requesting. When SA Leiman asked Pavlovskiy what phone numbers he needed to retrieve, Pavlovskiy declined to retrieve any phone numbers, saying that actually, he did not have an attorney, and did not need any numbers from the phone after all. Instead, Pavlovskiy simply asked again when his phone would be returned. SA Leiman responded that he did not know when this would occur.

8. After this exchange, the subject phone was logged into evidence and transported to the FBI office in Seattle. The day after the searches were executed, on July 11, 2019, an FBI CART Examiner created a digital image of the phone. On July 11, 2019, I received a call from the office of Pavlovskiy's lawyer. During that call I informed the office that the phone was available to be returned to Pavlovskiy at his convenience. On July 12, 2019, I once again informed Pavlovskiy's lawyer that the phone was ready for pick up. On July 15, 2019, I returned the phone to Pavlovskiy at the Nakamura Courthouse in Seattle, and Pavlovskiy signed an FBI Form FD-597 confirming its receipt and acknowledging it as his property.

9. On July 15, 2019, after returning the phone to Pavlovskiy, I opened the digital image of the phone and began reviewing the phone under the terms of the original search warrant (issued in MJ19-311), looking for evidence of interstate transportation in stolen goods, sale of stolen goods in interstate commerce, conspiracy to commit these offenses, and money laundering. During this search, I observed several pictures of nude, prepubescent females. Based on their stature, the absence of visible public hair, lack of apparent muscular and breast development, and youthful appearance, I estimated the children's age to be between seven and nine. At that time, I contacted FBI Special Agents Ian Burns and Kevin Tilley, who are Seattle FBI subject matter experts in child exploitation. Special Agents Burns and Tilley reviewed several of the photos, noting that there were several images of nude children, and contacted AUSA Matthew Hampton. AUSA Hampton instructed Special Agents Burns and Tilley to continue with the search as per the terms of the original warrant, but if they found an "abundance" of photographs

of nude children and images of child pornography, then they should stop searching and apply for a new search warrant. After continuing our search of the phone, Special Agents Burns and Tilley found hundreds of photos of nude prepubescent children, from toddler age, some posed in a sexual manner, as well as several images of child pornography, at which time we ceased viewing. On August 8, 2019, we applied for and received a search warrant to search the devices specifically for child pornography, under case number MJ19-370. I executed that warrant on August 8, 2019 and began to view the images on Mr. Pavlovskiy's phone, which was identified as a Samsung GSM SM-N960M Galaxy Note 9, which I know to be manufactured in Vietnam, China, and Korea.

10. During the search of the phone, I found thousands of images of nude children and child pornography. Four of the images are described below:

> **Image 1:** This image shows a nude prepubescent female from the waist down with her legs spread apart and genitalia exposed. The child victim appears to be urinating and someone else is holding a vibrator that appears to be in motion above the child's genitalia. Based on her stature, the absence of visible pubic hair, lack of apparent muscular development, and youthful appearance, I estimate the child victim is between 10 and 14 years old.
>
> **Image 2:** This image shows a prepubescent female who is nude from the waist down. She is on the ground, propped up on her arms and knees and looking back towards the camera. A male's lower body and arm is visible in the photo. The male's hand is on the child's buttocks and his penis is being inserted into the child's anus or vagina. Based on her stature, the absence of visible pubic hair, lack of apparent muscular development, and youthful appearance, I estimate the child victim is between 8 and 12 years old.
>
> **Image 3:** The image shows two nude prepubescent females sitting on a couch. Each has their legs in a V-shape in the air and are using their fingers to pull the skin around their genitalia apart to expose their genitals. Based on their stature, the

absence of visible pubic hair, lack of apparent muscular development, and youthful appearance, I estimate the child victims are between 5 and 7 years old.

**Image 4:** This image shows a nude prepubescent female seated on a couch and nude from the waist down. She is wearing high heels and her legs are spread apart with her hands on her knees, exposing her genitalia. Based on her stature, the absence of visible pubic hair, lack of apparent muscular development, and youthful appearance, I estimate the child victim is between 8 and 12 years old.

11. Based upon my direct personal observations of Pavlovskiy's youngest daughter, who I met on the day of the search warrant (on July 10, 2019), and again at the FBI's Seattle office on August 14, 2019 (after she was removed from the home), I showed Image 4 to another FBI employee, a victim specialist, who had also met Pavlovskiy's daughter on August 14 and July 10. The FBI victim specialist viewed Image 4, and informed me she thought Image 4 was an image of Pavlovskiy's daughter. The FBI investigation to confirm this is ongoing.

### B. The Separate FBI Investigation and Images Found at Kent Warehouse IP Address.

12. During my investigation into Aleksandr Pavlovskiy and his pawn shop scheme, and unbeknownst to me, the Seattle FBI Field Office was conducting a separate and completely unrelated investigation into child pornography that ultimately led to the INNOVATION BEST warehouse/office space. I learned of this investigation only after the search warrants were executed in this case on 10 July 2019, and after I had observed the images on Aleksandr Pavlovskiy's phone.

13. The separate investigation was conducted by FBI Special Agent Ingrid Arbuthnot-Stohl, who been an FBI agent for approximately fifteen (15) years, currently assigned to the Seattle Division. In her capacity as a Special Agent for the Federal Bureau of Investigation, she is responsible for conducting federal and international investigations

relating to crimes involving the sexual exploitation of children, including investigations related to online child exploitation. She has received basic, advanced, and on-the-job training in the investigation of cases involving the sexual exploitation of children. She currently specializes in the investigation of child pornography, including the transmission, possession and production of child pornography, exploitation of children on the internet, and other federal criminal activity. During her career as a FBI special agent, she has participated in numerous child pornography investigations. In addition, she has received training from the FBI and other institutions regarding computer related child pornography. She has specialized training in the use of law enforcement software designed to identify and apprehend users of peer to peer ("P2P") file sharing networks engaged in the trafficking of child pornography. She also attended an investigations training program where she received training on a P2P network and obtained certification to use a law enforcement version of P2P to investigate child pornography trafficking over that P2P network. She has conducted several investigations, obtained search warrants, made arrests, and obtained convictions based on P2P investigations. In April of 2019, SA Arbuthnot-Stohl completed an ICAC sponsored training of a P2P file sharing program used in this case. In addition to the Network-specific training I have received, I spoke with SA Arbuthnot-Stohl regarding the operation of this program, as well as the information related to the user described below.

14. In April 2019, while acting in an undercover capacity, SA Arbuthnot-Stohl used an automated law enforcement version of a publicly available Internet based peer to peer (P2P) file sharing program to identify P2P users possessing and distributing child pornography image and video files.

15. On multiple occasions between April and June 2019, SA Arbuthnot-Stohl used the automated law enforcement P2P program to connect to the SUBJECT IP ADDRESS. On each occasion, the law enforcement software established a single-source connection to the SUBJECT IP ADDRESS at the Kent Warehouse and was able to download all or partial content of the files of suspected child pornography described

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

below from the SUBJECT IP ADDRESS. I have viewed the files of suspected child pornography downloaded from the computer at the Kent Warehouse IP Address and describe five of them below:

**File 1 (Video):** Video approximately 4 minutes and 57 seconds in length. The video features 3 minor females all approximately between 11-14, based upon minimal breast and hip development, minimal pubic hair, overall body size, and facial features. The video begins with the 3 minors on a bed with towels around them. They remove the towels, and one of them lays down on her back on the bed. One minor caresses her legs while the other pulls apart her labia to expose her vaginal opening to the camera as well as her anus. The camera zooms in on the minor's genitals. The minors continue to engage in similar acts with each other throughout the video. The video ends with the minors caressing each other.

**File 2 (Video):** This video is approximately 7 minutes and 44 seconds in length. The video features a minor female approximately 6 years old, based upon the lack of breast and hip development, lack of pubic hair, overall body size and facial features, and another minor female approximately 13-15 years old based upon minimal breast and hip development, some pubic hair, overall body size, and facial features. The video begins with the younger minor in a kitchen, naked, and rubbing her genitals against the supporting bar of a counter top. The younger minor's genitals are clearly visible and the focus of the shot. Both of the minors dance around the kitchen, gyrating. At one point, the older minor sits on top of the younger's back and "rides" her like a horse. The video ends with the younger minor showing her genitals to the camera up close before the two dance off camera.

**File 3 (Video):** This video is approximately 5 minutes and 08 seconds in length. The video features 3 minor females all approximately between 11-14, based upon minimal breast and hip development, minimal pubic hair, overall body size, and facial features. They are all wearing lingerie that covers their genitals, but not their

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

breasts. The three minors progressively take off their lingerie and fondle each other. Periodically, they turn around and bend over to expose their genitals and anus to the camera, which zooms in. At other times, one or more will lay on her back and spread her legs with the help of the others to expose her genitals. The video ends with the minors kissing each other.

**File 4 (Video):** This video is approximately 8 seconds in length. The features 3 minor females all approximately between 11 and 14, based upon minimal breast and hip development, minimal pubic hair, overall body size, and facial features. The video begins with one of the minors sitting naked on a kitchen counter with her legs spread to fully expose her genitals and anus. She is covered from the torso to her buttocks in a brown liquid. One of the minors was rubbing the liquid onto the other minor's stomach, while the third scooped a shake or ice cream out of a cup to put on the minor's stomach. The video ends with a close-up of the minor's genitals.

16. A query of a publicly available database revealed the Kent Warehouse IP Address was operated by CenturyLink Communications, LLC. In response to an administrative summons seeking subscriber information for the Kent Warehouse IP Address, CenturyLink reported that at the time the files of suspected child pornography described above were downloaded from a computer at the Kent Warehouse IP Address; that IP address was assigned to "Innovation Best LLC." The contact name given for this IP address was "Alex Pavlovskiy," with a service address at 22710 72nd Avenue South, Suite 109, Kent, Washington 98032, which is the warehouse/office space the FBI searched on 10 July 2019.

17. Based on my knowledge, training, and experience, and the experience of other law enforcement officers, I believe Pavlovskiy used at least one computer from the Kent/Innovation Best warehouse/office space, to distribute child pornography via an Internet based P2P file sharing program. In this case, the person using the Kent Warehouse IP address contacted FBI Agent Arbuthnot-Stohl's IP address, looking for

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

child pornography. FBI Agent Arbuthnot-Stohl's device was able to create a connection with the Kent Warehouse IP address and download child pornography from it. However, the Kent Warehouse IP address was not able to download child pornography from the FBI computers.

18. Based upon witness interviews and the totality of my knowledge of the stolen property scheme, I believe that Pavlovskiy was the only male working at the Kent Warehouse from April to July 2019 (when the P2P files described above were shared, and when the searches were executed); all the other employees were women. In addition, on Pavlovskiy's phone, I observed images of women that appear to have been taken from a camera hidden in a women's bathroom. This information, and all information in this investigation, leads me to believe that Pavlovskiy is the person using the Kent warehouse IP address to download, view, and distribute images of child pornography as described in this Complaint.

19. The searches of the electronic devices from the Kent warehouse is ongoing, due to the number of devices and quantity of data seized from this warehouse. These devices remain in FBI custody pursuant to the terms of the original search warrant issued in MJ19-311, and will be searched under the terms of that warrant and the follow-up warrant issued in MJ19-370.

**C. Follow Up Investigation**

20. As a result of the investigation summarized above, the FBI contacted King County Child Protective Services (CPS) to alert them to these discoveries, because two minor children were residing with Mr. Pavlovskiy in his home. On Wednesday, 14 August 2019, CPS removed one of those two minors, Mr. Pavlovskiy's ten year old daughter, from the family home. Following this removal, I interviewed a witness who has direct personal knowledge of the Pavlovskiy's family and home. This witness informed me that approximately three years ago, Pavlovskiy's daughter, who at that time was age seven, disclosed to family members that Pavlovskiy had touched her inappropriately. The family did not report this to police. This witness also informed me that, on several

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

occasions, Pavlovskiy physically abused several family members, including two of the sons and Pavlovskiy's wife. The witness showed me photographs of bruises on the face of one of Pavlovskiy's adult sons, and informed me that the bruises had occurred during a fight between Pavlovskiy and the son in the family home.

**CONCLUSION**

21. Based on the above facts, I believe that there is probable cause to conclude that ALEKSANDR PAVLOVSKIY committed the offense charged in this Complaint.

ARIANA KROSHINSKY, Complainant
Special Agent
Federal Bureau of Investigation

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

DATED this 16th day of August, 2019.

MICHELLE PETERSON
United States Magistrate Judge